UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WIDALYS SANTIAGO,

      Plaintiff,

v.                                    Case No. 3:17cv388-RV-CJK

DAVID J. SHULKIN, Secretary
of Veterans Affairs, et al.,

      Defendants.
_____/

REPORT AND RECOMMENDATION

Before the court is defendants' Motion to Dismiss and/or to Transfer Venue. (Doc. 7). Plaintiff responded in opposition. (Doc. 11). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the parties' submissions, the undersigned recommends that this case be transferred to the Eastern District of Oklahoma.

Plaintiff initiated this action by filing a complaint alleging the United States Department of Veterans Affairs discriminated against her based on her national origin by not hiring her as a physician in a Muskogee, Oklahoma hospital. (Doc. 1). The complaint names 4 defendants: David J. Shulkin, M.D., Secretary of Veterans Affairs; Tuana Diep, M.D., ACOS/Co-Chief of Primary Care VHA Muskogee

VAMC; Annette M. Rogers, Chief Human Resources Management VHA Muskogee VAMC; and Julie L. Hale, EEO Manager VHA Muskogee VAMC. Defendants' Motion to Dismiss and/or to Transfer Venue argues: (1) plaintiff failed to exhaust her administrative remedies in a timely manner; (2) Diep, Rogers, and Hale are not proper defendants to a Title VII action; and (3) plaintiff did not bring suit in an appropriate venue. (Doc. 7).

Title VII's venue provision states, in relevant part, that the appropriate venue for Title VII claims is:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (*citing Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)).

Here, the complaint alleges the unlawful employment practice took place in Muskogee, Oklahoma; Muskogee is also the place plaintiff would have worked but for the alleged discrimination. In addition, plaintiff does not claim Florida is the

location of the relevant employment records for the VAMC in Muskogee. Plaintiff asserts the relevant records are located in Washington, D.C., Louisiana, and Massachusetts, and can be accessed "electronically from anywhere in the" United States. Nevertheless, § 2000e-5(f)(3)'s "use of the singular (i.e., 'the judicial district') makes clear that Congress intended venue to lie on the basis of the presence of records only in one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'" *James v. Booz-Allen*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002). Because plaintiff does not allege the relevant employment records (or any relevant records) are located in the Northern District of Florida, this district is not an appropriate venue for this action. *See Pinson*, 192 F. App'x at 817 (affirming determination that plaintiff filed in an improper venue because he "did not introduce any evidence demonstrating, and, thus, did not meet his burden to establish, that the Northern District of Georgia was the location where his personnel records were maintained by an official custodian, where the alleged adverse employment actions occurred, or where he would have worked, but for an unlawful employment practice").

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Here, the alleged discrimination took place in Muskogee. Moreover, the individuals plaintiff

claims committed the discrimination are also located in Muskogee. This case, therefore, in lieu of dismissal, should be transferred to the Eastern District of Oklahoma—the federal district with jurisdiction over Muskogee—because it contains relevant witnesses and the case could have been brought there initially.*

Accordingly, it is respectfully RECOMMENDED:

1.     That defendants' "Motion to Dismiss and/or to Transfer Venue" (doc. 7) be GRANTED to the extent that the clerk of court be directed to transfer this case to the United States District Court for the Eastern District of Oklahoma.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of November, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

* Because the Northern District of Florida is not a proper venue for this action, defendants' arguments concerning exhaustion and the appropriate defendants should be addressed by the Eastern District of Oklahoma.